IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sylvania Township Board of Trustees,

                     Plaintiff,

     -vs-

Kovatch Mobile Equipment Corp.,

                    Defendant.

Case No. 3:12 CV 866

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

## INTRODUCTION

This is a case about the little engines that couldn't.[1]  Plaintiff Sylvania Township purchased fire engine trucks from Defendant Kovatch Mobile Equipment.  Plaintiff alleges these engines are broken, and now seeks relief in a three-count Complaint (Doc. 1-1).  Count I asserts a violation of Ohio's "Lemon Law," as codified in R.C. §1345.71–77.  Count II claims breach of express and implied warranties.  Count III seeks relief under the Magnuson-Moss Warranty Act (the Act), 15 U.S.C. § 2301 *et seq.*

As alleged in the Complaint, the short history of these engines is as follows.  Plaintiff purchased three fire engine pumper trucks in November 2008 for a total of $1,195,782.  They were defective from day one and Defendant was either unwilling or unable to repair them.  Plaintiff then spent $33,200 on its own repair attempts -- "I think I can, I think I can!" -- all unsuccessful.  Now,

---

[1] Apologies to "The Little Engine That Could" by Watty Piper, parodied in this Opinion.

Plaintiff no longer believes its engines can be repaired and seeks a full refund of the purchase price plus repair costs, interest, and fees (Doc.1-1 at 3–6).

Before this Court is Defendant's Motion to Dismiss Counts I and III, and the breach of implied warranty claim in Count II (Doc. 9). Plaintiff opposes, but concedes the purchase agreement excludes claims for breach of implied warranty (Doc. 13 at 7). The matter has been fully briefed.

### STANDARD OF REVIEW

Under Federal Civil Rule 12(b)(6), this Court is required to accept all well-pled factual allegations as true and to construe the Complaint in the light most favorable to Plaintiff. *See Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007). Although the Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Complaint can survive Defendant's Motion if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). And, "[a] claim has facial plausibility [if Plaintiff] pleads factual content that allows the court to draw the reasonable inference that [Defendant is] liable for the misconduct alleged." *Hensley Mfg. v. ProPride*, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

### ANALYSIS

**Count I: Ohio's Lemon Law**

Ohio's Lemon Law requires manufacturers and dealers to repair or refund defective "motor vehicles." R.C. § 1345.72(A)–(B). A "motor vehicle" is "any passenger car or noncommercial motor vehicle." R.C. § 1345.71(D). Excluded from this definition are "vehicles that belong to any police

2

department, municipal fire department, or volunteer fire department, or that are used by such a department in the discharge of its functions."  R.C. § 4501.01(A).  Defendant argues this exclusion applies (Doc. 9 at 4–5), and this Court agrees.

For starters, "a statute that is free from ambiguity and doubt is not subject to judicial modification under the guise of interpretation."  *Bernardini v. Bd. of Ed. for Conneaut Area City Sch. Dist.*, 58 Ohio St. 2d 1, 4 (1979).  When interpreting a statute, this Court may not add or delete words, or question the wisdom of the General Assembly.  *Id.*  The statute, by its plain meaning excludes vehicles used by fire departments.  The vehicles at issue in this case are fire engines, purchased for use by the township fire department.  That should be the end of the line for Count I.

Nevertheless, Plaintiff argues that because it is a *township* and not a *municipality*, this exclusion is inapplicable.  Like the engines at issue, not so fast.  The statute excludes "*municipal* fire departments," not "*municipality* fire departments."  This distinction is important.  A "municipality" is synonymous with a "municipal corporation . . . formed by charter from the state" whereas "municipal" is more general and merely relates "to a city, town, or local government unit."  BLACK'S LAW DICTIONARY 1042 (8th ed. 2004).  Certainly, had the General Assembly wished to limit the exclusion to municipalities, it could have said so in the statute.

Furthermore, even if this Court adopted Plaintiff's interpretation, it would lead to an unreasonable result, one that must be rejected.  *See, e.g.*, *State ex rel. Dispatch Printing Co. v. Wells*, 18 Ohio St. 3d 382, 384 (1985) (It is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result.); *Slater v. Cave*, 3 Ohio St. 80, 83 (1853) ("[W]here the literal construction of a statute would lead to gross absurdity . . . the obvious intention of the law must prevail over a literal interpretation . . . ."); *see also* R.C. § 1.47(C) ("In enacting a statute, it is

3

presumed that . . . [a] reasonable result is intended.").  It would be nonsensical to exclude some local fire departments and not others.  Plaintiff offers no rational distinction.  Count I is dismissed.

### Count III: Magnuson-Moss Warranty Act

The Act protects consumers by laying out rules for warranties on "consumer products" and provides a cause of action when those rules are broken.  15 U.S.C. § 2301 *et seq*.  A "consumer product" is defined as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes."  *Id.* at § 2301 (1) and (3).

Defendant argues that a fire engine is not a consumer product within the meaning of the Act (Doc. 9 at 8–11).  The issue of whether a fire engine is a consumer product has not been addressed by any court.  However, the Federal Trade Commission clarified the definition of consumer product in guidelines promulgated shortly after publication of the Act (40 Fed. Reg. 25,721 (1975)):

> Consumer products . . . are normally used for personal, family, or household purposes . . . . Products such as automobiles . . . which may be used for both personal and commercial purposes come within the statutory definition of consumer product. This means that where an appreciable portion of a product category is normally sold to consumers for personal, family, or household purposes . . . such products must conform with the Act.

Thus, the definition of a consumer product turns on how the product is generally used.  *See, e.g.*, *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 632 (7th Cir. 2001) (holding a mobile home is real property not a household good); *Kemp v. Pfizer Inc.*, 835 F. Supp. 1015, 1025 (E.D. Mich. 1993) (holding a heart valve is not for household use).  Real fire engines -- as opposed to toys -- are not by any stretch of the imagination for personal household use.  Common sense tells us fire engines are not "consumer products."  Count III is dismissed.

## CONCLUSION

Defendant's Motion is granted.  The surviving claim is for breach of express warranty, as set forth in the purchase agreement.  That part of our story will continue, surely with sirens sounding.

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 18, 2012

5